## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| **JOSEPH DESMONDE BAUGHNS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 3:22-cv-20-CAR-CHW** |
| **VS.** | : | |
| | : | |
| **Sheriff JOHN Q. WILLIAMS;** | : | |
| *et al.*, | : | **PROCEEDINGS UNDER 42 U.S.C. § 1983** |
| | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |
| **Defendants.** | : | |
| _____ | : | |

## ORDER AND RECOMMENDATION

Plaintiff Joseph Desmonde Baughns, a pretrial detainee in the Clarke County Jail in Athens, Georgia, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. ECF Nos. 1; 9. He also moved to proceed *in forma pauperis* (ECF Nos. 2,7) and for appointment of counsel (ECF No. 3). The Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and ordered him to pay an initial partial filing fee. ECF No. 8. Plaintiff paid the initial partial filing fee. The remainder of the filing fee will be deducted from Plaintiff's account as explained in the Court's April 19, 2022 Order. *Id*. The Court has already denied Plaintiff's motion for appointment of counsel. *Id*. Following review of Plaintiff's complaint, Plaintiff will be allowed to proceed on his Fourteenth Amendment procedural due process claim against Defendants Williams, Carter, and Slay. It is **RECOMMENDED** that any claim against Defendant Goings be **DISMISSED**.

## PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

I.    Standard of Review

The PLRA obligates the district courts to conduct a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a).  Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP.  Both statutes apply in this case, and the standard of review is the same.  When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true.  *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003).  *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'"  *Hughes*, 350 F.3d at 1160 (citation omitted).  Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'"  *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted).  The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'"  *Id.* (citation omitted).  A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The factual allegations in a

2

complaint "must be enough to raise a right to relief above the speculative level" and cannot

"'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S.

at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise

a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at

556. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or

omission deprived him of a right, privilege, or immunity secured by the Constitution or a

statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir. 1995).

If a litigant cannot satisfy these requirements or fails to provide factual allegations in

support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*,

340 F.3d 1279, 1282-84 (11th Cir. 2003).

II.    Factual Allegations

The Court ordered Plaintiff to file a recast complaint. ECF No.8. He was ordered

to list each Defendant in the heading of his complaint and, in the body of the complaint,

list each Defendant again and tell the Court exactly what each Defendant did or did not do

that violated Plaintiff's constitutional or federal statutory rights. *Id*. at 3-4. In his recast

complaint, Plaintiff listed Sheriff John Q. Williams, Major Jessica Goings, Captain J.

Carter, and Sgt. A. Slay as Defendants in the heading of his complaint. ECF No. 9 at 1.

Question twelve on the standard 42 U.S.C. § 1983 form asked Plaintiff to "[l]ist the full

name, the official position, and the place of employment of each defendant in this lawsuit."

3

Plaintiff responded, "John Q. Williams, Sheriff, Jessica Goings, Major, J. Carter, Captain." *Id*. at 4. Plaintiff did not list A. Slay in response to question twelve.

In the body of the complaint, Plaintiff states Lt. McAllister (not named as a Defendant in the heading of the complaint or in response to question twelve on the complaint form) wrote "a false disciplinary report" on March 6, 2021, accusing Plaintiff of "abusive language toward a staff member." *Id*. at 5. Plaintiff states he was not "given a hearing in regards to this incident" before he was placed in the special housing unit. *Id*.

When Plaintiff requested copies of the disciplinary report, Corporals McClain and Hopkins (not named as Defendants in the heading of the complaint or in response to question twelve on the complaint form) told him no such document existed. *Id*. When Plaintiff requested a copy of the disciplinary report from Sgt. Slay, she informed him that the computer system crashed and she was unable to find the report.

Although the Court specifically told Plaintiff not to attach any "exhibits or other documents" to his recast Complaint, Plaintiff attached two exhibits (Exhibit A and Exhibit B). In Exhibit A, Plaintiff states that McCallister (again, not named as a Defendant in the heading of the complaint and not listed in response to question twelve on the complaint form) wrote a false disciplinary report and had him placed in the special housing unit without a notice or hearing. ECF No. 9-1 at 1. He states that Slay is over "classification and has first-hand knowledge about these illegal actions, failing to correct this misconduct, and allowing misconduct to continue for fourteen months." *Id*. He alleges that McClain (again, not named as a Defendant in the heading of the complaint or in response to question twelve on the complaint form) witnessed McCallister's conduct and failed to correct it. *Id*.

4

He states that Defendant Williams knows that he has been placed in the special housing unit "without a notice or a hearing."  As for Defendant Carter, Plaintiff alleges that his "failure to correct the misconduct and illegal actions of his deputies is also violating the Fourteenth Amendment and a breach of duty."  *Id.*

In Exhibit B, Plaintiff requests declaratory and injunctive relief as well as damages. ECF No. 9-2.

    III.   <u>Plaintiff's Claims</u>

        A.   <u>Due Process claims against Slay, Williams, and Carter</u>

Plaintiff states that he did not receive notice or a hearing before being placed in the special housing unit.  ECF No. 9 at 5; 9-1.  A pretrial detainee is entitled to procedural due process protections, which generally includes notice and a hearing, before being placed in disciplinary segregation. *Jacoby v. Baldwin Cnty*, 835 F.3d 1338, 1349-50 (11th Cir. 2016) (stating that "[a] pretrial detainee . . . may not be punished for his misconduct while in prison unless he is given a due process hearing).

Based on the heading of Plaintiff's Complaint there are four Defendants:  Sheriff John Q. Williams; Jessica Goings, J. Carter, and A. Slay.  ECF No. 9 at 1.  These Defendants hold supervisory roles. *Id*. at 5; ECF No. 9-1.  "'[S]upervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability.'"  *Keith v. Dekalb Cnty*., 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)).  "'[T]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous.'"  *Id*. at 1048 (citation omitted).  A supervisor is liable

under § 1983 if he or she personally participated in the unconstitutional conduct. *Id*. (citation omitted). Alternatively, a supervisor is liable if there exists a causal connection between the "supervisor's actions and the alleged constitutional violation." *Id*. (citation omitted). Causal connections can be established by widespread abuse that puts a supervisor on notice. *Id*. But such abuse "must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Id*. (citation omitted). Alternatively, a plaintiff may state the necessary causal connection when he alleges "a supervisor's custom or policy . . . result[ed] in deliberate indifference to constitutional rights or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. (citation omitted). In relation to the latter causal connection, the Eleventh Circuit has held that "[a] causal connection can be established if a supervisor has the ability to prevent or stop a known constitutional violation by exercising his supervisory authority and he fails to do so." *AFL-CIO v. City of Miami*, 637 F.3d 1178, 1190 (11th Cir. 2011) (citing *Keating v. City of Miami*, 598 F.3d 753, 765 (11th Cir. 2010)).

Liberally construed, Plaintiff's complaint alleges that Williams, Carter, and Slay knew he was placed in the special housing unit without notice or a disciplinary hearing, had the power to prevent his original detention or discontinue his continued confinement in that unit, and failed to act. Plaintiff's procedural due process claim may go forward against these Defendants for further factual development.

B.    Any claim against Jessica Goings

Plaintiff has made no allegations against Jessica Goings.  "[S]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation."  *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted).  A district court properly dismisses claims where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that connect the defendant with the alleged constitutional violation.  *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (citing *Pamel Corp. v. P.R. Highway Auth.*, 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.").  Thus, in the absence of any connection between Defendant Goings and Plaintiff's alleged constitutional violations, Plaintiff fails to state a claim for relief against her.

IV.    Conclusion

For the foregoing reasons, Plaintiff's Fourteenth Amendment procedural due process claims against Defendants Williams, Carter, and Slay may proceed forward for further factual development.  It is **RECOMMENDED** that any claim against Defendant Goings be **DISMISSED** without prejudice.

**OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with C. Ashley Royal, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation.  The

parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections.  Any objection is limited in length to **TWENTY (20) PAGES**.  *See* M.D. Ga. L.R. 7.4.  Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

## ORDER FOR SERVICE

Having found that Plaintiff has made colorable constitutional violation claims against Defendants Sheriff John Q. Williams, Captain J. Carter, and Sgt. A. Slay, it is accordingly **ORDERED** that service be made on Defendant and that he file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.  Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.  Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  Defendant is similarly advised that she is expected to

diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any

time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed

FIFTEEN (15) requests to each party.  No party shall be required to respond to any such requests which exceed these limitations.

**REQUESTS FOR DISMISSAL AND/OR JUDGMENT**

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities.  Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED AND RECOMMENDED**, this 12th day of May, 2022.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge